DECIDED JUNE 10, 1924.

Description of case, and names of counsel, the same as in the case cited above.

---

15498.   PARROTT v. THE STATE.

LUKE, J.   1.   Under the particular facts of the case the admission of evidence as complained of in the motion for a new trial was not error.

2. There was some evidence which authorized the verdict, and, the finding of the jury having met with the approval of the trial judge, this court is powerless to interfere with the judgment overruling the motion for a new trial. The facts of the instant case distinguish it from that of *Sanders* v. *State*, 24 *Ga. App.* 329 (100 S. E. 784), relied upon by counsel for plaintiff in error.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JUNE 10, 1924.

Indictment for carrying pistol, etc.; from Murray superior court —Judge Tarver.   February 23, 1924.

A general verdict of guilty was rendered against Parrott upon an indictment in two counts, charging respectively the carrying of a pistol concealed, and the carrying of a pistol without a license.

The State's witness testified: that the defendant was with another person on the front seat of a Ford car which contained about 65 gallons of whisky, and was driving the car, and the witness (an officer) asked him where "the big gun was," and the defendant replied, "You can see for yourself;" and, when the defendant moved, the witness "saw something bright, sticking up between the cushions and the back of the seat—front seat, where he was sitting; reached in and got it; it was a pistol." The witness "could not see until he moved; it was toward his right side and rather back of him, . . a large pistol, 30-40," the witness thought. The witness could not see the pistol until the defendant moved; the pistol "was touching him; . . he did not have it in his clothes, nor in his pocket" when the witness saw it. "It was down rather behind the cushion, between the cushion and the back of the seat." The defendant, in his statement at the trial, said that he did not know the pistol was there, and did not know anything about it. The other person mentioned testified that he was with the defendant "all the time on that trip, and did not see the gun until Mr. Allred [the State's witness] got it out."

The testimony that the defendant had about 65 gallons of whisky in the car was admitted over the objection of the defendant that it was "incompetent, irrelevant, and immaterial;" and in the motion for a new trial it was contended that this testimony tended to inflame the minds of the jurors and influence them against the accused.

Error was assigned also upon the judge's instruction to the jury that "it would not be necessary to the guilt of the accused that he had the pistol in his pocket, or that he had it in his clothes; if he had it about his person concealed, that would be sufficient." It was contended that this instruction was not authorized by the evidence.

*H. H. Anderson,* for plaintiff in error.

*J. M. Lang, solicitor-general,* contra.